## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                      )
                                            )       **CASE NO.  15-12568**
JOSHUA D. HACKETT and                       )
BRANDY HACKETT,                             )       **CHAPTER 13**
                                            )
_____Debtors._____                  )
                                            )
                                            )
BRANDY HACKETT,                             )
                                            )
          **Plaintiff,**                    )
v.                                          )       **AP CASE NO. 16-01091**
                                            )
ROPER ST. FRANCIS PHYSICIANS                )
NETWORK and APPLIED BUSINESS                )
SERVICES, INC.,                             )
                                            )
_____Defendants._____               )

---

### APPLIED BUSINESS SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant Applied Business Services, Inc., ("ABS" or "Defendant") files its answer (this "Answer") to Plaintiff Brandy Hackett's (the "Plaintiff" or "Hackett"), Complaint (the "Complaint"), stating as follows:

1.      ABS denies the allegations contained in paragraph 1 of the Complaint.

2.      It appears that the allegations contained in paragraph 2 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, ABS denies the allegations contained in paragraph 2 of the Complaint.

3.      It appears that the allegations contained in paragraph 3 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, ABS denies the allegations contained in paragraph 3 of the Complaint. Moreover, ABS does not consent to the entry of any final order by this Court with regard to any non-core proceedings.

48564848-9219-v1
2938672-000001

4. ABS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, ABS denies the allegations.

5. ABS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, ABS denies the allegations.

6. ABS admits that it has a principal place of business in Edenton, North Carolina, and ABS denies the balance of the allegations contained in paragraph 6 of the Complaint.

7. ABS denies the allegations contained in paragraph 7 of the Complaint.

8. ABS states that the Amended Schedule E/F and the Amended Chapter 13 Plan speak for themselves and denies any allegations contained in paragraph 8 of the Complaint that are inconsistent therewith. Specifically, ABS denies that it ever received proper notice of any pleadings related to the Plaintiff's chapter 13 bankruptcy or this adversary proceeding.

9. ABS denies the allegations contained in paragraph 9 of the Complaint and denies that it ever received proper notice of any pleadings related to the Plaintiff's chapter 13 bankruptcy or this adversary proceeding.

10. ABS denies the allegations contained in paragraph 10 of the Complaint.

11. ABS denies the allegations contained in paragraph 11 of the Complaint.

12. ABS denies the allegations contained in paragraph 12 of the Complaint.

13. ABS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore ABS denies the allegations contained in paragraph 13 of the Complaint.

14. ABS admits mailing a letter to Plaintiff on or about July 22, 2016, the contents of which speak for themselves.

15. ABS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore ABS denies the allegations contained in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint refers to a letter, which speaks for itself. ABS denies the balance of Paragraph 16 of the Complaint.

17. ABS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore ABS denies the allegations contained in paragraph 17 of the Complaint.

18. ABS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore ABS denies the allegations contained in paragraph 18 of the Complaint.

19. ABS admits mailing a letter to Plaintiff on or about August 15, 2016, the contents of which speak for themselves.

20. ABS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore ABS denies the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint refers to a letter, which speaks for itself. ABS denies the balance of Paragraph 21 of the Complaint.

22. ABS denies the allegations contained in paragraph 22 of the Complaint.

23. ABS denies the allegations contained in paragraph 23 of the Complaint.

24. ABS denies the allegations contained in paragraph 24 of the Complaint.

25. ABS denies the allegations contained in paragraph 25 of the Complaint.

26. ABS denies the allegations contained in paragraph 26 of the Complaint.

4856-9848-9215 v.1
2938672-000001

27. It does not appear that paragraph 27 of the Complaint contains any allegations against ABS and, thus, no response is required. To the extent a response is required, ABS realleges and incorporates by reference paragraphs 1 through 26 herein.

28. ABS denies the allegations contained in paragraph 28 of the Complaint.

29. ABS denies the allegations contained in paragraph 29 of the Complaint.

30. ABS denies the allegations contained in paragraph 30 of the Complaint.

31. It does not appear that paragraph 31 of the Complaint contains any allegations against ABS and, thus, no response is required. To the extent a response is required, ABS realleges and incorporates by reference paragraphs 1 through 30 herein.

32. ABS denies the allegations contained in paragraph 32 of the Complaint.

33. ABS denies the allegations contained in paragraph 33 of the Complaint.

ABS denies the allegations contained in the unnumbered paragraph in the Complaint following paragraph 33 of the Complaint which begins "**WHEREFORE**, the premises considered." ABS also denies that Plaintiff is entitled to any damages, attorneys' fees, or costs or any relief against ABS, whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), release, consent, ratification, acquiescence, novation, laches, lack of standing, and/or unclean hands.

### THIRD DEFENSE

ABS relies on the doctrine of comparative fault and asserts that Plaintiff's injuries, if any, were proximately caused by her own actions.

## FOURTH DEFENSE

Plaintiff's claims against ABS are barred by the applicable statute of limitations or statute of repose.

## FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## SIXTH DEFENSE

Plaintiff has not suffered any injury by reason of act or omission by ABS and does not have any right or standing to assert the claims at issue.

## SEVENTH DEFENSE

Any violation of the law or damage suffered by the Plaintiff, which ABS denies, was due to the affirmative actions and/or omissions of the Plaintiff and does not give rise to any liability of ABS.

## EIGHTH DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third-parties over which ABS had no responsibility or control and for which ABS may not be held liable.

## NINTH DEFENSE

ABS pleads the defense of lack of causal relation between its conduct and the damages alleged.

## TENTH DEFENSE

Plaintiff failed to properly provide notice to ABS of the chapter 13 bankruptcy case in the United States Bankruptcy Court for the Middle District of Alabama at Case No. 15-12568 and, therefore, ABS cannot be liable to Plaintiff for any of the causes of action asserted in the Plaintiff's complaint.

## ELEVENTH DEFENSE

4856-0548-9213 v1
2938672-000001

Any violation of the law or damage suffered by the Plaintiff, which ABS denies, are totally or partially offset by the damages caused by the Plaintiff to ABS.

## TWELFTH DEFENSE

Plaintiff failed to properly provide notice to ABS of the chapter 13 adversary proceeding in the United States Bankruptcy Court for the Middle District of Alabama at Case No. 16-01091 and, therefore, ABS cannot be liable to Plaintiff for any of the causes of action asserted in the Plaintiff's complaint.

## THIRTEENTH DEFENSE

There is no basis in law or fact for Plaintiff's claim in the Complaint for punitive damages.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under the applicable law would violate ABS's due process rights guaranteed by the Fourth Amendment of the United States Constitution.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without proof of every element beyond a reasonable doubt would violate ABS's substantive and procedural due process rights.

## SIXTEENTH DEFENSE

Any award of punitive damages in this case would violate ABS's right under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the relevant State Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the relevant State Constitution.

## SEVENTEENTH DEFENSE

With respect to Plaintiff's demand for punitive damages, ABS specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards set forth in the United States Supreme Court decisions of <u>Gore v. BMW of North America, Inc.</u>, 116 S. Ct. 1509 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408 (2003); <u>Phillip Morris USA v. Williams</u>, 549 U.S. 346 (2007).

## EIGHTEENTH DEFENSE

Plaintiff's demand for punitive damages against ABS cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

## NINETEENTH DEFENSE

Plaintiff's claims against ABS are barred based on the Plaintiff's failure to fully comply with local rule LBR 1009-1 for the United States Bankruptcy Court for the Middle District of Alabama.

## TWENTIETH DEFENSE

Plaintiff's claims against ABS are barred based on the Plaintiff's failure to provide ABS with notice of plaintiff's bankruptcy filing or notice to file a proof of claim.

## TWENTY-FIRST DEFENSE

ABS pleads the defense of bona fide error under the Fair Debt Collections Practices Act to the extent any of its actions violated the law or cause Plaintiff damage, both of which ABS denies.

## TWENTY-SECOND DEFENSE

4856-6148-9219-v1
2938672-000001

ABS specifically reserves the right to amend this Answer to the Complaint and its responses and to add additional defenses, counterclaims, cross-claims, and/or third party claims as additional facts are obtained through further investigation or discovery. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, ABS respectfully requests this Court enter judgment in its favor and against the Plaintiff on each and every claim for relief, and that ABS be awarded its costs and expenses, including attorneys' fees, together with such other relief as this Court deems just and appropriate.

**DATED** this the 21st day of November, 2016.

/s/ Matthew M. Cahill _
Matthew M. Cahill
Attorney for Applied Business Services, Inc.

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 20th Street North
1400 Wells Fargo Tower
Birmingham, AL 35203
Telephone: (205) 244-3839
Facsimile: (205) 488-3839
Email: mcahill@bakerdonelson.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served on the following by electronic filing with the Clerk of Court using the CM/ECF system, or by U.S. Mail, postage prepaid, on this the 21st day of November, 2016.

Anthony B. Bush
The Bush Law Firm, LLC
529 South Perry Street, Suite 22
Montgomery, AL 36104
anthonybbush@yahoo.com
abush@bushlegalfirm.com

James H. Haithcock
BURR & FORMAN LLP
420 North 20th Street, Ste 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jhaithcock@burr.com

/s/ *Matthew M. Cahill*
Of Counsel

48564548-9213-v1
2938672-000001